```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

UNITED STATES OF AMERICA

VS.                                              CRIMINAL NO. 3:08CR45TSL

SAMMY TYLER

<u>ORDER</u>

This cause is before the court on the motion of the government to dismiss the appeal of defendant Sammy Tyler from the magistrate judge's August 22, 2008 judgment, imposing a nine-month term of imprisonment based on defendant's having pled guilty to a violation of 18 U.S.C. § 641 (theft of government property).  Defendant opposes the motion, and the court, having considered the parties' submissions, concludes that the motion is well taken and is due to be granted.

On March 19, 2008, the United States Attorney filed an information charging Tyler with misdemeanor theft of government funds in violation of 18 U.S.C. § 641.  On April 15, 2008, Tyler, with his attorney, Abby Brumley, appeared before Magistrate Judge James Sumner and pled guilty pursuant to a written plea agreement. Significantly, the plea agreement provided that Tyler waived the right to appeal his conviction and sentence.  On August 19, 2008, Magistrate Judge Sumner sentenced Tyler to a 9-month term of imprisonment and entered judgment on August 22, 2008.  On August 28, 2008, Tyler filed his notice of appeal.

By its motion to dismiss, the government argues that dismissal

is required inasmuch as Tyler explicitly waived his right to appeal as part of the written plea agreement.  By his response to the motion, defendant's counsel concedes that her client entered into a plea agreement and recites that she is, nonetheless, pursuing the appeal at the direction of her client.

A waiver of a defendant's right to appeal will be upheld so long as the waiver is informed and voluntary.  <u>United States v. White</u>, 307 F. 3d 366, 343-44 (5th Cir. 2002).  Further, a valid waiver is effective as to all claims, except under limited circumstances, which have not been raised here.  <u>White</u>, 207 F. 3d at 343.  Here, having reviewed the record on this issue, the court is persuaded that Tyler's waiver was informed and voluntary.

At his change of plea hearing, having been sworn by the court, Tyler affirmed to Magistrate Judge Sumner that he had not been coerced or otherwise induced to enter into his plea agreement.  By the express terms of the Memorandum of Understanding (MOU), executed by Tyler, Brumley and Assistant United States Attorney Charles Irvin, Tyler acknowledged that he had read and understood the plea agreement and that he voluntarily accepted the agreement.  Tyler, by signing the MOU, agreed to waive his right to appeal the conviction and sentence.  Based on the foregoing, Tyler's waiver was informed and voluntary, and thus, the MOU bars him from his appeal of his conviction and sentence, and the government's motion is due to be granted.

Based on the foregoing, it is ordered that the government's

motion to dismiss the appeal of defendant Sammy Tyler, Jr. is granted.  The government's motion to suspend the briefing schedule associated with the appeal is denied as moot.

    SO ORDERED, this the 4th day of November, 2008.

                                    /s/ Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE